IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2005

## STATE OF TENNESSEE v. LEWIS BERNARD WILLIAMS

**Appeal from the Circuit Court for Gibson County**
**No. H-7459 Clayburn Peeples, Judge**

---

**No. W2005-00446-CCA-R3-CD  - Filed December 8, 2005**

---

The appellant, Lewis Bernard Williams, was convicted by a jury of one count of selling over .5 grams of cocaine. As a result, the appellant was fined $50,000 and sentenced to serve twelve years in incarceration. After a motion for new trial was filed, the trial court reduced the appellant's sentence from twelve years to nine years in light of Blakely v. Washington, 542 U.S. 296 (2004), but denied all of the appellant's other claims. A timely notice of appeal was filed. On appeal, the appellant presents the following issues for our review: (1) whether the evidence was sufficient to convict the appellant of selling more than .5 grams of cocaine; (2) whether the trial court properly instructed the jury regarding the weight of the cocaine; and (3) whether a new trial should be granted because the trial judge should have recused himself. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ALAN E. GLENN, JJ., joined.

Richard W. Vaughn, Jr., Milan, Tennessee, for the appellant, Lewis Bernard Williams.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; and Gary Brown, District Attorney General; and Edward Larry Hardister, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In October of 2003, the appellant was indicted for: (1) knowingly delivering over .5 grams of cocaine, a Schedule II controlled substance, to an undercover agent of the West Tennessee Violent Crime and Drug Task Force; and (2) knowingly selling over .5 grams of cocaine, a Schedule II

controlled substance, to an undercover agent of the West Tennessee Violent Crime and Drug Task Force.

According to Lieutenant Steve Howe of the Trenton Police Department, the appellant approached him at the corner of Eighth and Vine Streets in Trenton on September 18, 2003 to negotiate a sale of crack cocaine. At the time, Lieutenant Howe was working undercover as part of his assignment to the West Tennessee Drug and Violent Crimes Task Force. According to Lieutenant Howe, the appellant gave him three bags of crack weighing .6 grams in exchange for $60. As part of the undercover operation, video and audio surveillance were taken of the transaction. Following the transaction, Lieutenant Howe turned the evidence over to Lieutenant Danny Lewis.

Lieutenant Danny Lewis of the Humboldt Police Department was also assigned to the Drug Task Force. On September 18, 2003, he was the case agent and evidence custodian for the undercover operation involving the appellant. Lieutenant Lewis gave Lieutenant Howe $60 to purchase crack cocaine. Lieutenant Howe returned to Lieutenant Lewis with three bags of crack cocaine purchased from the appellant. Upon receiving the bags, Lieutenant Lewis opened one of the bags and field tested the substance, which tested positive for cocaine. Lieutenant Lewis later sent the substance on to the Tennessee Bureau of Investigation for further testing.

At trial, Dana Rose, a Special Agent Forensic Scientist with the Tennessee Bureau of Investigation (TBI), testified that on October 9, 2003, she analyzed the substance sold by the appellant by performing a chemical color change test and an instrumental analysis. According to Special Agent Rose, the tests revealed that the substance "[c]ontained .6 grams of cocaine." Agent Rose was unable to state whether there were other ingredients in the substance besides cocaine.

Donald Wayne Blackwell, Special Agent in Charge of the West Tennessee Violent Crime and Drug Task Force for the 28th Judicial District, testified that one-tenth of a gram of cocaine is worth $10. According to Special Agent Blackwell, when cocaine is cooked with baking soda and water, the cocaine forms a rock and floats to the top.

The appellant took the stand in his own behalf at trial. He admitted that he delivered "some rocks" to Lieutenant Howe on the night of the offense. However, the appellant denied that the rocks admitted into evidence at trial were the ones that he sold to the officer. Instead, the appellant claimed that the rocks he sold that night were smaller. The appellant claimed that he did not sell drugs for profit, but testified that he would sell .6 grams of crack cocaine for $60. The appellant initially admitted that he sold Lieutenant Howe the crack cocaine for $60, but later disputed that amount. The appellant acknowledged that he had been previously convicted of voluntary manslaughter, criminal simulation, and possession of an item with an altered serial number.

At the conclusion of the trial, the jury found the appellant guilty of knowingly selling over .5 grams of cocaine. The jury recommended, and the trial court approved, a $50,000 fine. At a sentencing hearing, the trial court sentenced the appellant to twelve years as a Range I standard

offender. The appellant filed a timely motion for new trial and an amended motion for new trial in which he argued that the trial court erred in instructing the jury as to the weight of the controlled substance, the evidence was not sufficient to uphold the jury verdict, the appellant's sentence was set in violation of Blakely v. Washington, 542 U.S. 296 (2004), and the trial court "should recuse itself from any further proceedings in this matter . . . [because the trial court], in his capacity as District Attorney, handled a matter involving Defendant . . . wherein Defendant entered a guilty plea for voluntary manslaughter . . . ." After a hearing on the motion for new trial, the trial court reduced the appellant's sentence from twelve years to nine years based on Blakely. The trial court denied all other matters raised in the motion for new trial. The appellant filed a timely notice of appeal.

On appeal, the appellant argues that the evidence was not sufficient to support the conviction of selling over .5 grams of cocaine, that the trial court erred in charging the jury on the weight of the cocaine and that a new trial should be granted because the trial court failed to recuse itself.

## Analysis
### Sufficiency of the Evidence

On appeal, the appellant first contends that the evidence was insufficient to convict him of knowingly selling over .5 grams of cocaine to an undercover agent. Specifically, the appellant argues that the State did not prove that the weight of the cocaine was over .5 grams. The State disagrees, arguing that the evidence was sufficient to support the conviction.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

In the case herein, the appellant was convicted of knowingly selling a Schedule II controlled substance, cocaine, in an amount over .5 grams to an undercover agent. According to Tennessee Code Annotated section 39-17-417(a)(3), "[i]t is an offense for a defendant to knowingly . . . [s]ell

a controlled substance." Cocaine is a Schedule II controlled substance. Tenn. Code Ann. § 39-17-408(b)(4). Thus, in order to convict the appellant, the State was required to show: (1) a knowing mental state; (2) possession of cocaine; (3) an intent to sell that cocaine; and (4) that the weight of the cocaine equaled or exceeded .5 grams. Tenn. Code Ann. § 39-17-417.

However, in order to establish the appellant's guilt under Tennessee Code Annotated section 39-17-417(c), the State need not prove that the pure cocaine in the contraband substance weighed .5 grams or more, so long as the weight of the cocaine combined with other substances totaled .5 grams or more. See State v. Alcorn, 741 S.W.2d 135, 138 (Tenn. Crim. App. 1987); State v. Ash, 729 S.W.2d 275, 277 (Tenn. Crim. App. 1986); State v. David Sever Watkins, No. M2003-01488-CCA-R3-CD, 2005 WL 351240, at *3-4 (Tenn. Crim. App., at Nashville, Feb. 9, 2005), perm. app. denied, (Tenn. June 27, 2005); State v. Howard Kareem Atkins, No. 02C01-9805-CC-00155, 1999 WL 241870, at *1 (Tenn. Crim. App., at Jackson, Apr. 26, 1999). The testimony at trial by Special Agent Rose was that the substance she analyzed was cocaine weighing .6 grams. Further, the appellant conceded that he actually delivered the crack cocaine to the undercover officer. Thus, the State proved what Tennessee Code Annotated section 39-17-417(c)(1) requires it to prove, that is, that the substance containing cocaine that was sold by the appellant weighed .5 grams or more. The plain language of the statute states that "if the amount involved is point five (.5) grams or more of any substance containing cocaine," then the offense is a Class B felony. Tenn. Code Ann. § 39-17-417(c)(1) (emphasis added). We conclude that the evidence as presented through the testimony of the State's witnesses and the videotape of the drug sale is more than adequate to support the appellant's conviction. Accordingly, a rational jury could have found the essential elements of the crime beyond a reasonable doubt. Therefore, the appellant's contention is without merit.

Jury Instructions

Next, the appellant argues that the trial court erred in its instructions to the jury as related to the weight of the controlled substance. The State claims that the trial court properly instructed the jury.

A trial court has a duty to give a complete charge of the law applicable to the facts of the case. State v. Harris, 839 S.W.2d 54, 73 (Tenn. 1992). Anything short of a complete charge denies a defendant his constitutional right to trial by a jury. State v. McAfee, 737 S.W.2d 304, 308 (Tenn. Crim. App. 1987). However, Tennessee law does not mandate that any particular jury instructions be given so long as the trial court gives a complete charge on the applicable law. State v. West, 844 S.W.2d 144, 151 (Tenn. 1992). A charge is prejudicial error "if it fails to fairly submit the legal issues or if it misleads the jury as to the applicable law." State v. Hodges, 944 S.W.2d 346, 352 (Tenn. 1997). Erroneous jury instructions require a reversal, unless the error is harmless beyond a reasonable doubt. See Welch v. State, 836 S.W.2d 586 (Tenn. Crim. App. 1992).

In the case herein, at the conclusion of the State's proof, the attorney for the appellant objected to a proposed jury instruction regarding the sale or delivery of cocaine where the instruction stated that the appellant "sold a substance containing cocaine" rather than the appellant "sold

-4-

cocaine." The attorney for appellant asked the trial court to instruct the jury that the appellant "sold cocaine" and asked the trial court to charge the jury with determining that the appellant "sold cocaine over .5 grams." At the conclusion of trial, prior to the charge, the trial court read a proposed jury instruction regarding the weight of the controlled substance. The appellant did not object to the charge as read. Subsequently, the trial court instructed the jury on the elements of the unlawful sale and/or delivery of a controlled substance and with respect to the weight of the controlled substance, as proposed, that:

> If you find that the defendant has either sold or delivered cocaine, you must also state in your verdict the amount. In that regard, the law of Tennessee provides that the jury must state whether or not the amount involved is .5 grams or more of any substance containing cocaine or whether or not said substance weighed less than .5 grams and your verdict shall so state.

Again, Tennessee Code Annotated section 39-17-417(c)(1) states that a violation of subsection (a), making it an offense to knowingly sell, manufacture, deliver, or possess a controlled substance, is a class B felony if "the amount involved is point five (.5) grams or more of any substance containing cocaine." Tennessee Pattern Jury Instruction 31.13, entitled "Fixing Weight," suggests the following instruction regarding the weight of the controlled substance:

> If you find the defendant guilty of [ _____ ] beyond a reasonable doubt, you must go further and fix the range of weight of the controlled substance.
>
> The state has the burden of proving this weight beyond a reasonable doubt. The jury will fix the weight of the controlled substance [manufactured] [delivered] [sold] [possessed] along with its verdict by indicating which of the following ranges the weight falls within:
>                    [Here insert the applicable weight ranges].
>          [In deciding the weight of the substance alleged to contain [_____],
> the jury may not consider the weight of any material that must be separated or removed from the controlled substance before the controlled substance can be used or consumed.]

We determine that the trial court's instruction herein did not mislead the jury as to the applicable law. Hodges, 944 S.W.2d at 352. The instruction is substantially similar to the pattern jury instruction and fairly states the elements of the crime as found in Tennessee Code Annotated section 39-17-417(c)(1) as the trial court instructed the jury to "state whether or not the amount involved is .5 grams or more of any substance containing cocaine." This issue is without merit.

### Recusal of the Trial Court

Finally, the appellant argues that "a new trial should be granted in this cause and that the honorable trial court should recuse itself from any further proceedings in this matter in that the trial

judge had previously, in his capacity as District Attorney, handled a matter involving the Defendant . . . , wherein Defendant entered a guilty plea for voluntary manslaughter." The State counters that the issue is waived because "the defendant is arguing an issue neither raised in, nor decided by, the trial court."

While we acknowledge that the appellant presented this argument in a motion for new trial and the trial court denied the motion, we note that the appellant does not cite to any record evidence for his position or include any argument in his brief to bolster his position except for a blanket statement that the trial court should recuse itself. Tennessee Rule of Appellate Procedure 27(a)(7) provides that a brief shall contain "[an] argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." See also State v. Sanders, 842 S.W.2d 257 (Tenn. Crim. App. 1992) (determining that issue was waived where defendant cited no authority to support his complaint). The appellant fails to cite any authority or argument for his claim. Therefore, this issue is waived.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE